IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 10-40052 |
| VAN HUNTER DEVELOPMENT, LTD., | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

**COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED IN THE ENCLAVE AT CHATEAU DU LAC SUBDIVISION IN FLOWER MOUND, TEXAS AND WAIVER OF 30 DAY HEARING REQUIREMENT**

**Notice Pursuant to Local Rule 4001(a):**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BRENDA RHOADES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW COMPASS BANK, an Alabama banking corporation, ("Compass"), a secured creditor and party in interest in this case, and files this its *Motion for Relief from Automatic Stay as to Real Property Located in The Enclave at Chateau Du Lac Subdivision in Flower Mound, Texas and Waiver of 30 Day Hearing Requirement* (the "Motion"), and in support thereof, respectfully represents as follows:

COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED IN THE ENCLAVES AT CHATEAU DU LAC SUBDIVISION IN FLOWER MOUND, TEXAS AND WAIVER OF 30 DAY HEARING REQUIREMENT

Page 1 of 8

841032 v2 (00100.00155.000)

## JURISDICTION

1.   This Court has jurisdiction over this bankruptcy case, the parties, and property affected, pursuant to 28 U.S.C. §§ 157(b) and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

2.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.   On January 4, 2010 (the "Petition Date"), Van Hunter Development, Ltd. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned bankruptcy case.

4.   The Debtor is a single asset real estate debtor.  According to the Debtor's Bankruptcy Schedules (Docket No. 11), the Debtor's principal assets are 31 vacant lots (Lots 27-47 and 50-51) located in a single family residential subdivision known as the Enclaves at Chateau Du Lac subdivision in Flower Mound, Texas.  On information and belief, the Debtor also owns another lot in that subdivision, Lot 24, that was not listed on the Debtor's Bankruptcy Schedules.

5.   Compass is a secured creditor and party in interest in this case.  The Debtor is presently indebted to Compass on a loan (the "Loan") evidenced by a Promissory Note dated March 15, 2006, in the original principal amount of $9,381,675.00.  As of the Petition Date, the Debtor owed a total of $9,180,788.77 on the Loan, consisting of a principal balance owed of $8,520,938.43, accrued interest totaling $655,265.60, and late fees totaling $4,584.74.

COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED IN THE ENCLAVES AT CHATEAU DU LAC SUBDIVISION IN FLOWER MOUND, TEXAS AND WAIVER OF 30 DAY HEARING REQUIREMENT

**Page 2 of 8**                                                                 841032 v2 (00100.00155.000)

6. The Loan is secured by a first priority lien on certain real property located in the Enclaves at Chateau Du Lac subdivision in Flower Mound, Texas (the "Property")[1] pursuant to the terms of a Deed of Trust with Security Agreement and Assignment of Rents dated March 15, 2006 (the "Deed of Trust").

7. The Loan matured and became fully due and payable on February 15, 2009. The Debtor failed to pay the indebtedness owed on the Loan. Compass subsequently posted the Property for a non-judicial foreclosure sale to be held on January 5, 2010. The Debtor commenced this bankruptcy case to stop that scheduled foreclosure.

8. The Debtor does not have any equity in the Property. The Property has an "as-is" market value of $4.23 million and liquidation value of $2.54 million.[2]

9. The Debtor also does not have any income from operations. According to the Debtor's Amended Statement of Financial Affairs (Docket No. 13), the Debtor had only $142,138.00 in income from operations in 2008, and no income from operations in 2009 or 2010. The Debtor has not sold a lot in the Enclaves at Chateau Du Lac subdivision in two years.

10. Finally, the Debtor has failed to pay *ad valorem* property taxes on the Property for 2009, and also failed to pay *ad valorem* property taxes on Lots 24 and 45-47 of the Property for

---

[1] The Property is described in the Deed of Trust by a metes and bounds legal description. On information and belief, the Debtor subsequently filed a plat subdividing all of its real property in the Enclaves at Chateau Du Lac subdivision into lots, but that plat is defective because it was, among other reasons, not signed by Compass. The Debtor identifies on its Bankruptcy Schedules that Compass has liens on Lots 27-47. Compass believes that the Property includes the entirety of Lot 24 and Lots 27-47, and possibly some small portions of other lots. By this Motion, Compass seeks relief from the automatic stay to foreclose upon all of the Property covered by its Deed of Trust.

[2] The Debtor states on its Bankruptcy Schedules that it valued Lots 27-47 at $9,510,000 based on tax appraised values. Those values were not however derived from the tax appraised values. Rather, those values were the current sales prices being sought by the Debtor. The actual tax appraised values for 2009 for both Lot 24 and Lots 27-47 totaled $6.28 million.

COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED IN THE ENCLAVES AT CHATEAU DU LAC SUBDIVISION IN FLOWER MOUND, TEXAS AND WAIVER OF 30 DAY HEARING REQUIREMENT

Page 3 of 8                                                               841032 v2 (00100.00155.000)

2008.  In total, the Debtor owes a total of $184,533.36 in *ad valorem* property taxes on the Property, plus interest and penalties that have accrued and continue to accrue.

## REQUEST FOR RELIEF

*A.   The Automatic Stay Should be Lifted to Permit Foreclosure of the Property Under 11 U.S.C. § 362(d)(2).*

11.   Compass seeks relief from the automatic stay under Section 362(d)(2) of the Bankruptcy Code because the Debtor does not have equity in the Property and the Property is not necessary for an effective reorganization.

12.   The Debtor does not have equity in the Property because the amount of the Loan greatly exceeds the value of the Property.

13.   The Property is also not necessary to an effective reorganization.  Upon a showing that the Debtor lacks equity in the property, the burden shifts to the Debtor to establish that the Property is "necessary to an effective reorganization." *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375 (1988).  The Debtor must show that the Property "is essential for an effective reorganization *that is in prospect*." *Id.* at 375-76 (emphasis in original).  A showing that the Debtor needs the Property for reorganization to be conceivable is insufficient. *See id.*  The Debtor must prove that there is a "reasonable possibility of a successful reorganization within a reasonable time." *Id.* at 376.

14.   In this case, the Debtor lacks a realistic prospect of effective reorganization, and therefore, this Court should grant relief from the automatic stay under Section 362(d)(2).  The Debtor's only assets are lots in the Enclave at Chateau Du Lac subdivision.  Debtor has no employees, no other significant assets, and no lots currently under contract for sale.  Debtor has no other income stream from which to fund reorganization.  When the only possible source of

COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED IN THE ENCLAVES AT CHATEAU DU LAC SUBDIVISION IN FLOWER MOUND, TEXAS AND WAIVER OF 30 DAY HEARING REQUIREMENT

**Page 4 of 8**                                                                                   841032 v2 (00100.00155.000)

income from a debtor's land asset is liquidation, this Court should grant relief under Section 362(d) so that a creditor may foreclose on the property. *See In re Little Creek Dev. Co.*, 779 F.2d 1086, 1073 (5th Cir. 1986).

15. As the Fifth Circuit held, "resort to the protection of the bankruptcy laws is not proper," when "the debtor has one asset, such as a tract of undeveloped or developed real property...there are generally no employees except for the principals, little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments...." *Id.* Since there is no source of income and the only possible plan of reorganization requires liquidation, this Court should lift the stay to allow Compass to pursue non-bankruptcy remedies such as foreclosure. *See Little Creek*, 779 F.2d at 1073; *In re Sandy ridge Dev. Co.*, 881 F.2d 1346, 1354 n.19 (5th Cir. 1989).

16. For the foregoing reasons, the automatic stay in this case should be lifted to permit Compass to pursue its rights and remedies as to the Property under its Loan documents and applicable law, including foreclosure of the Property.

*B. The Automatic Stay Should Also be Lifted to Permit Foreclosure of the Property Under 11 U.S.C. § 362(d)(1).*

17. Compass also seeks relief from the automatic stay for cause under Section 362(d)(1) of the Bankruptcy Code.

18. This Court may lift the automatic stay "for cause," including when there is a lack of adequate protection. 11 U.S.C. § 362(d). In this case, cause exists for this Court to lift the automatic stay because the Debtor's failure to pay property taxes is impairing and diminishing Compass' interest in the Property. According to the Denton County Appraisal District, the Debtor currently owes $184,533.36 in accrued and unpaid property taxes on the Property for

2008 and 2009. On information and belief, the Debtor is unable to pay its property taxes because of a lack of income. Because the Debtor lacks any source of income, the Debtor is unable to make adequate protection payments to protect against diminution in value of Compass' interest in the Property.

19. Failure to keep taxes current is grounds for relief "for cause" under Section 362(d)(1) of the Bankruptcy Code. *See In re Valdez*, 324 B.R. 296, 302 (Bankr. S.D. Tex. 2005) (citing *In re Price*, 370 F.3d 362, 373 (3d Cir. 2004)). Thus, because the Debtor is unable to pay property taxes, the Debtor continues to accrue interest and penalties on unpaid property taxes, and the Debtor has no income from which to pay the taxes, cause exists to lift the automatic stay to permit Compass to pursue its rights and remedies as to the Property under its Loan documents and applicable law, including foreclosure of the Property.

*C.    The Debtor is a Single Asset Real Estate Debtor Under 11 U.S.C. §§ 101(51B) and 362(d)(3).*

20. Finally, Compass seeks a determination from this Court that the Debtor's real property located in the Enclaves at Chateau Du Lac subdivision in Flower Mound, Texas, constitutes single asset real estate under Section 101(51B) of the Bankruptcy Code, and as consequence the Debtor is subject to Section 362(d)(3) of the Bankruptcy Code. *See In re Scotia Pacific Co., LLC*, 508 F.3d 214, 221 (5th Cir. 2007) (holding that ventures that simply own and sell real estate are within the traditional scope of the Single Asset Real Estate debtor definition).

21. A debtor is a Single Asset Real Estate ("SARE") debtor if the debtor (1) has real property constituting a single property or project; (2) that generates substantially all of the gross income of the debtor; and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto. *Scotia*, 508 F.3d at 220.

In this case, the Debtor owns lots in a residential development project, satisfying the first element of the SARE test. *See, e.g., In re Delafield 246 Corp.*, 368 B.R. 285, 286 (Bankr. S.D.N.Y. 2007) (holding that debtor owning 24 of 33 lots compromising a development in New York was a SARE debtor). All of the Debtor's income is generated by sale of the Chateau Du Lac lots. In fact, the Debtor has no income because it has failed to sell any of its lots within the last two years. The Debtor thus satisfies the second element of the test. Finally, the Debtor satisfies the third element of the SARE test. The Debtor has no other business other than the potential sale of lots in the Chateau Du Lac subdivision. The Debtor's business entirely relies on the liquidation of lots for income. The Debtor is thus a SARE debtor and is subject to Section 362(d)(3) of the Bankruptcy Code. *See In re Prarie Hills Golf & Ski Club, Inc.*, 255 B.R. 228, 230 (Bankr. D. Neb. 2000); *Scotia*, 508 F.3d at 220.

WHEREFORE, PREMISES CONSIDERED, Compass prays that this Court grant this Motion and lift the automatic stay in this case to permit Compass to pursue any and all of its rights and remedies as to the Property under its Loan documents and applicable law, including foreclosure of the Property; determine that the Debtor's real property constitutes single asset real estate under Section 101(51B) of the Bankruptcy Code, and that the Debtor is subject to Section 362(d)(3) of the Bankruptcy Code; and grant Compass such other and further relief as may be appropriate under the circumstances.

COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED IN THE ENCLAVES AT CHATEAU DU LAC SUBDIVISION IN FLOWER MOUND, TEXAS AND WAIVER OF 30 DAY HEARING REQUIREMENT

**Page 7 of 8**                                                                                   841032 v2 (00100.00155.000)

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: /s/ George H. Barber
    George H. Barber
    State Bar No. 01705650
    John J. Kane
    State Bar No. 24066794
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Facsimile - (214) 777-4299
Email: ecf@krcl.com

**ATTORNEYS FOR COMPASS BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing pleading was served via the Court's electronic (ECF) notification system on all parties entitled to notice thereunder, and on all parties listed on the attached service list by First Class U.S. Mail, on the 5th day of March 2010.

    */s/ John J. Kane*
    John J. Kane

COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED IN THE ENCLAVES AT CHATEAU DU LAC SUBDIVISION IN FLOWER MOUND, TEXAS AND WAIVER OF 30 DAY HEARING REQUIREMENT

**Page 8 of 8**
841032 v2 (00100.00155.000)