IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 10-40052 |
| | § | |
| VAN HUNTER DEVELOPMENT, LTD | § | Chapter 11 |
| | § | |
|    Debtor. | § | |
| | § | |

**MOTION OF THE DEBTOR PURSUANT TO 11 U.S.C. § 1121(d) FOR
AN ORDER EXTENDING THE EXCLUSIVITY PERIODS IN WHICH TO
PROPOSE AND SOLICIT ACCEPTANCES TO A PLAN OF REORGANIZATION**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SCHEDULE A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Van Hunter Development, Ltd (the "Debtor"), debtor and debtor-in-possession, files this motion (the "Motion") for entry of an order pursuant to 11 U.S.C. § 1121(d), extending the periods during which only the Debtor may propose a plan of reorganization and solicit acceptances thereof. In support of the Motion, the Debtor would show the Court as follows:

### A. Jurisdiction

1. Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction to hear this Motion. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

### B. Background

2.      On January 4, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  The Debtor commenced his chapter 11 case on short notice due to a pending foreclosure.

3.      The Debtor is a limited partnership which owns various lots in the exclusive Chateau du Lac subdivision in Flower Mound, Texas (collectively, the "Property").  The Debtor continues to manage its affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee, trustee, or examiner has been appointed in this case.

### C.  Relief Requested and Grounds

4.      Debtor seeks entry of an order, pursuant to section 1121(d) of the Bankruptcy Code, extending the exclusive period during which a debtor may file a plan of reorganization to and including August 4, 2010 and extending the exclusive period during which a debtor may solicit acceptances to the proposed plan of reorganization to and including October 4, 2010, without prejudice to its right to seek additional further extensions of the exclusive period as may be appropriate.

5.      Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of the chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan.  If the debtor proposes a plan within the 120-day exclusivity period, section 1121(c)(3) of the Bankruptcy Code extends the exclusivity period to 180 days after the commencement of the chapter 11 case to permit the debtor to solicit acceptances of such plan.  Pursuant to section 1121(d) of the Bankruptcy Code, the Court may, upon a demonstration of cause, extend the exclusivity periods.

6. Though the Bankruptcy Code does not define "cause" with respect to extending the exclusivity periods, courts have found that Congress did not intend that the exclusivity periods set forth in section 1121 to be rigid. *See, e.g. In re Pub. Servo Co. of N.H.*, 88 B.R. 521, 534-35 (Bankr. D.N.H. 1988) (legislative intent is to promote "maximum flexibility" to the parties in structuring a reorganization plan). The objectives of a chapter 11 case are the rehabilitation of a debtor's financial affairs and the negotiation, development, proposal, confirmation, and consummation of a chapter 11 plan. The exclusivity periods under sections 1121(b) and (c)(3) of the Bankruptcy Code are intended to afford a debtor a full and fair opportunity to achieve these objectives without the disruption of its business that might be caused by the filing of competing plans.

7. Cause exists to extend the Debtor's exclusivity periods in the case before the Court. One of the lienholders of the Debtor, Compass Bank ("Compass") has lifted the stay to allow it to foreclose on the lots which Compass holds a lien. Due to the lifting of the stay on several of the Debtor's lots, the circumstances surrounding this Debtor have dramatically changed. The Debtor has approximately nine (9) lots remaining and due to the reduction in its collateral, requests additional time to re-evaluate the financial situation of the Debtor.

8. In the three months following the Petition Date, the Debtor and its counsel have devoted substantial time and effort to a number of necessary tasks, including negotiations with Compass.

9. This request for an extension is made in good faith and is not an abuse of the exclusivity periods. The Debtor's reorganization efforts have not come at the expense of its administrative and remaining secured creditor. The extension requested in this Motion therefore

will not result in accruing significant administrative liabilities.   Mark Salitore with the U.S. Trustee's office has advised that he does not have any objection to this motion.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the Court enter an order extending the exclusivity period for filing a plan of reorganization to and including August 4, 2010 and the exclusive period in which to solicit acceptances to October 4, 2010, and granting Debtor such other and further relief to which it is justly entitled.

>Respectfully submitted,
>
>SINGER & LEVICK, P.C.
>
>By:   /s/Larry A. Levick
>      Larry A. Levick
>      State Bar No. 12252600
>      Michelle E. Shriro
>      State Bar No. 18310900
>
>16200 Addison Road, Suite 140
>Addison, Texas  75001
>Tel. (972) 380-5533
>Fax (972) 380-5748
>Levick@singerlevick.com
>mshriro@singerlevick.com
>
>**ATTORNEYS FOR DEBTOR**
>**VAN HUNTER DEVELOPMENT, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served upon all parties registered or otherwise entitled to receive notice via ECF notification and a true and correct copy of the foregoing document will be served upon all parties on the attached service list via first class mail, postage prepaid on this 3rd day of May 2010.

>  /s/Larry A. Levick
>  Larry A. Levick