IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 10-40052 |
| | § | |
| VAN HUNTER DEVELOPMENT, LTD | § | Chapter 11 |
| | § | |
|     Debtor. | § | |
| | § | |

**DEBTOR'S RESPONSE TO THE UNITED STATES DEBTOR'S
MOTION TO DISMISS OR CONVERT PURSUANT TO 11 U.S.C. § 1112(b);
OR IN THE ALTERNATIVE, FOR OTHER RELIEF;
WITH WAIVER OF 30-DAY HEARING REQUIREMENT**

COMES NOW, Van Hunter Development, Ltd (the "Debtor"), and files this its *Response to the United States Trustee's Motion to Dismiss or Convert Pursuant to 11 U.S.C. § 1112(b); or in the Alternative, for Other Relief; with Waiver of 30-day Hearing Requirement* (the "Motion"), and respectfully shows the Court as follows:

1.  Paragraph 1 of the Motion contains legal conclusions which the Debtor is not required to admit or deny.

2.  The Debtor admits the allegations in paragraph 2 of the Motion.

3.  The Debtor admits the allegations in paragraph 3 of the Motion.

4.  The Debtor admits the allegations in paragraph 4 of the Motion.

5.  The Debtor denies the allegations in paragraph 5 of the Motion.

6.  The Debtor admits the allegations in paragraph 6 of the Motion.

7.  The Debtor admits the allegations in paragraph 7 of the Motion.

8.  The Debtor admits the allegations in paragraph 8 of the Motion.

9.  The Debtor denies the allegations in paragraph 9 of the Motion; however, Debtor is

amenable to entering into discussions to set case resolution deadlines in order for the Debtor to effectively complete its Chapter 11 case.

10. The Debtor admits the allegations in paragraph 10 of the Motion.

11. The Debtor admits the allegations in paragraph 11 of the Motion; however, Debtor would show that Frost Bank, the remaining secured creditor has filed a response to this Motion and is also opposed to the dismissal of this case.

12. The Debtor denies the allegations in paragraph 12 of the Motion as the Debtor is willing and able to effectively complete its Chapter 11 for the benefit of creditors.

13. No response is required to paragraph 13 as it calls for a legal conclusion.

14. No response is required to paragraph 14 as it calls for a legal conclusion.

15. The Debtor denies the allegations in paragraph 15 and would show that the filing of all required monthly operating reports have been filed to date.

16. No response is required to paragraph 16 as it calls for a legal conclusion.

17. The Debtor admits the allegations in paragraph 17 and is willing to discuss with the U. S. Trustee appropriate case resolution deadlines.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that the U. S. Trustee's Motion be denied and for such other and further relief to which the Debtor is justly entitled.

DATED: January 28, 2011

Respectfully submitted,

SINGER & LEVICK, P.C.


By:    /s/Larry A. Levick
       Larry A. Levick
       State Bar No. 12252600

16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748
levick@singerlevick.com

ATTORNEYS FOR DEBTOR,
VAN HUNTER DEVELOPMENT, LTD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on the parties entitled to electronic notification pursuant to the ECF procedures in this District on this 28th day of January 2011.

   /s/ Larry A. Levick
   Larry A. Levick