IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 10-40052 |
| | § | |
| VAN HUNTER DEVELOPMENT, LTD | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

# CHAPTER 11 PLAN

Van Hunter Development, Ltd. ("Debtor") proposes to pay its creditors as set forth below.

## SUMMARY OF THE PLAN

The Debtor owned 31 lots of residential real property located in Flower Mound, Texas in a subdivision called The Enclave at Chateau Du Lac. The Debtor has two separate secured lenders, Frost National Bank and Compass Bank, both of which had liens on separate lots. Compass foreclosed on its lots during the bankruptcy and has a deficiency claim. The Debtor's Plan contemplates the principal of one of the partners of the Debtor will be contributing sufficient capital to pay off all of the Debtor's debt obligations to its various secured creditors, unsecured creditors and the taxing authorities in full. Another of the principal's companies will emerge from bankruptcy owning the lots. The Debtor has one unencumbered lot which will be returned to Compass in return for a credit on its claim.

## ARTICLE I

### Definitions

The following terms, when used in the Plan, shall, unless the context otherwise requires, have the following meanings:

1.01 "Administrative Claim" means an administrative expense which is entitled to priority pursuant to Section 507(a)(1) and allowed under Section 503(b) of the Bankruptcy Code, including but not limited to, Claims for compensation of professionals made pursuant to Section 330 of the Bankruptcy Code.

1.02 "Allowed Claim" means any Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (a) a proof of such Claim or Interest was (i) timely filed; (ii) deemed filed pursuant to Section 1111(a) of the Code; and (b)(i) which is not a disputed Claim, or (ii) which is allowed but only to the extent allowed by a Final Order.

1.03 "Agreed Judgment" means the Agreed Judgment entered on March 22, 2011 in the lawsuit styled *The Frost National Bank v. Gary C. Evans, et al.*, Cause No. 09-15818, 162nd District Court, Dallas County, Texas.

1.04 "Bankruptcy Code" means Title 11 of the United States Code.

1.05 "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

1.06 "Bar Date" is May 10, 2010, the deadline established by the Court, pursuant to Bankruptcy Rule 3003(c)(3), after which all creditors, other than the Internal Revenue Service may not file a proof of claim.

1.07 "Chapter 5 Claims" means all claims and causes of action arising under Sections of 541, 542, 543, 544, 545, 546, 547, 548 and 549 of the Bankruptcy Code.

1.08 "Collateral" means any property or interest in property of the Estate of the Debtor that is subject to a Lien to secure the payment or performance of a claim, which Lien is not subject to avoidance under the Plan.

1.09 "Compass Lots" means the 21 residential real property lots in Flower Mound, Texas foreclosed on by Compass Bank.

1.10 "Deficiency Claim" means an Allowed Claim of a Creditor, equal to the amount by which the aggregate Allowed Claims of such Creditor exceed the sum of (a) any set off rights of the Creditor permitted under Section 553 of the Code, plus (b) the Secured Claim of such Creditor; provided, however, that if the holder of a Secured Claim or the Class of which such Claim is a member makes the election provided in Section 1111(b)(2) of the Code, there shall be no Deficiency Claim in respect of such Claim.

1.11 "Effective Date" means the day following the entry of a final order confirming the Plan.

1.12 "Evans" means Gary Evans, a principal of the Debtor.

1.13 "Frost Lots" means residential real property lots in Flower Mound, Texas owned by the Debtor and subject to Frost National Bank's lien.

1.14 "Interest" means the ownership interests in the Debtor.

1.15 "Lien" means all valid and enforceable liens, security interests, claims and encumbrances against any property of the Estate of the Debtor which are permitted by, or not avoided pursuant to, the Bankruptcy Code.

1.16 "Lot" means that certain piece of raw land, which is unencumbered and located in Flower Mound, Texas.

1.17 "Petition Date" means, with respect to the Debtor, the date of filing of the Chapter 11 case, which was January 4, 2010.

1.18 "Reorganized Debtor" means the Debtor after confirmation of the Plan.

1.19 "Substantial Consummation" means the date on which unsecured creditors receive distributions under the terms of the Plan.

1.20 "Taxing Authorities" means Denton County, Lewisville Independent School District and the Internal Revenue Service and Town of Flower Mound.

## ARTICLE II

### Classification and Treatment of Claims

The claims of Compass Bank, Frost National Bank, the unsecured creditors and Equity Interests are impaired under the Plan. The Debtor shall pay all fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Debtor is otherwise released from such obligations by the Court.

The claims and interests under the Plan shall be treated as follows:

2.01 Class 1 (Administrative Claims). Allowed Class 1 Claims will be paid in full by the Debtor and on or before the Effective Date, or, if applicable, within 30 days from the date on which an order allowing a Class 1 Claim becomes a Final Order, whichever is later. These claims are priority claims pursuant to Section 507(a)(1) of the Bankruptcy Code. These claims include claims for Debtor's attorneys' fees and U.S. Trustee's fees. U.S. Trustee's fees must be paid until the case is closed. The Class 1 Claims may agree to a different treatment.

2.02 Class 2 (Secured Claim of Taxing Authorities). The secured claim of the Taxing Authorities on the Frost Lots will be satisfied and paid in full by December 31, 2011. The Taxing Authorities shall retain all of their liens. Compass will be responsible for the tax liability on the Lot once it has received title to same.

2.03 Class 3 (Secured Claim of Compass Bank). The deficiency claim[1] of Compass Bank will be partially satisfied by the transfer to it of the Debtor's interest in the Lot, which Compass has agreed to provide a $275,000.00 credit. Gary Evans will pay the remaining amounts owed to Compass via monthly interest payments at the approximate interest rate of 6% for the next twenty-four months with a final balloon at the end of twenty-four months. Gary Evans will provide additional security for this note.

2.04 Class 4 (Frost National Bank). Frost will have an allowed secured claim in the amount of the Agreed Judgment. Frost's liens on any of the Frost Lots shall remain in full force. The secured claim of Frost National Bank will be satisfied by a payment of $250,000.00 on the

---

[1] Compass has agreed to give a 5.5 million dollar credit for the foreclosure.

Effective Date and payment of all outstanding remaining amounts owned under the Agreed Judgment in full by December 31, 2011. As soon as Frost is paid in full, Frost shall release all of its outstanding liens on the Frost Lots and shall execute any documents required to release such liens. Frost will execute partial releases of liens as necessary for any individual lots to be sold.

2.05    Class 5 (General Non-Lienholder Unsecured Creditor Claims). The allowed claims of general non-insider unsecured creditors will be paid in full by semi-annual equal payments with no interest and a final payment two years after the Effective Date.

2.06    Class 6 (General Insider Unsecured Creditor Claims). The allowed claims of general insider unsecured creditors will receive no distribution.

2.07    Class 7 (Equity Interests). Gary Evans, through his entity Global Hunter Holdings, L.P., will own 100% of the assets of the Debtor in exchange for his funding of the plan, which assets will be transferred on the Effective Date. All other equity interests will be cancelled. Mr. Evans is a principal of the Debtor.

## ARTICLE III

### Allowance and Payment of Administrative Claims

3.01    Administrative claims, including claims of professionals hired by the bankruptcy estate, shall be required to file with the Bankruptcy Court, and serve on Debtor's counsel and the U.S. Trustee, a fee application within 60 days after the Effective Date. Failure to file a Fee Application shall result in the administrative claim being forever barred and discharged.

## ARTICLE IV

### Means for Execution of Plan

4.01    Capital Contribution. Gary Evans will fund all of the Debtor's obligations under the Plan.

4.02    Disbursement of Plan Funds. The Reorganized Debtor shall disburse all funds required to be disbursed under the Plan.

4.03    Management of Reorganized Debtor. Upon the Effective Date, the Reorganized Debtor will be managed by Global Hunter Holdings, L.P. Global Hunter Holdings, L.P. will become the Declarant under that certain corrected Second Amended Declaration of Covenants, Conditions and Restrictions for Chateau du Lac and own all of the assets of the Debtor.

## ARTICLE V

## Payment of United States Trustees Fees

All feeds due to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) will be paid in full on the Effective Date of the Plan. Additionally, Debtor will continue to timely pay all quarterly fees owed to the United States Trustee until the case is closed.

## ARTICLE VI

## Provisions for the Retention, Enforcement, Settlement, or Adjustment of Claims Belonging to the Debtor or to the Estate including Preference and Fraudulent Conveyance Actions

6.01 <u>The Debtor's Causes of Action</u>. All Claims recoverable under Section 550 of the Bankruptcy Code, and all other claims and causes of action of any kind or character whatsoever owed to or in favor of the Debtor are hereby preserved and retained for enforcement by the Reorganized Debtor. Moreover, this Court shall retain jurisdiction to dispose of such causes of action.

6.02 <u>Chapter 5 Recoveries</u>. The Chapter 5 Claims and all recoveries from the Chapter 5 Claims are expressly retained by the Reorganized Debtor and reserved by the Reorganized Debtor for the benefit of the bankruptcy estate.

6.03 <u>Objections to Claims</u>. Any party authorized by the Bankruptcy Code may object to the allowance of proofs of claims at any time prior to sixty (60) days after the Effective Date. Any proof of claim filed after a Court set bar date shall be of no force and effect and shall be deemed disallowed.

## ARTICLE VII

## Discharge of Debtor and Effect of Confirmation

7.01 <u>Discharge and Release</u>. Except as otherwise provided for by this Plan and the documents that implement the Plan, pursuant to Bankruptcy Code § 1141, confirmation of the Plan shall discharge and release all claims against the Debtor and enjoin all claimants from collecting any claim against or continuing or prosecuting any litigation directly or indirectly involving the Debtor for any debt that arose before the Confirmation Date.

None of the partners, directors, officers, financial advisors, attorneys, or employees of the Debtor shall have any liability for actions taken or omitted to be taken in good faith under or in connection with the Plan.[2] The Debtor and its respective affiliates, officers, directors, shareholders, members, representatives, attorneys, financial advisors, and agents may rely upon the opinions of counsel, certified public accountants, and other experts or professionals employed by the Debtor, and such reliance shall presumptively establish good faith. However,

---

[2] This release does not apply in the event of fraud, gross negligence, willful misconduct, criminal conduct, the unauthorized use of confidential information that causes damages or for ultra vires acts.

the Debtor and its respective affiliates, officers, directors, shareholders, members, representatives, attorneys, financial advisors, and agents may not rely upon the opinions of counsel and other experts employed by the Debtor if they know of or should reasonably know such advice is wrong.

Nothing in the Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including without limitation, any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority, nor shall anything in the Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any claims, suit, action or other proceedings against any released party for any liability whatsoever, including without limitation, any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority, nor shall anything in the Confirmation Order or the Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against any released party.

7.02    **Legal Binding Effect; Discharge of Claims and Interests**.  The provisions of this Plan shall (i) bind the Debtor and all creditors and interest holders, whether or not they accept this Plan, and (ii) discharge the Debtor from all debts that arose before the Confirmation Date except as otherwise provided in this Plan.  On and after the Effective Date, all holders of impaired claims and Interests shall be precluded from asserting any claim against the Debtor and against its assets or properties based on any transaction or activity of any kind that occurred prior to the Effective Date.

7.03    **Effect of Confirmation on Judgments**.  The Confirmation Order shall provide that any judgment at any time obtained, to the extent that such judgment is a determination of liability of the Debtor with respect to any debt or claim discharged under the Plan, shall be null and void.

7.04    **Permanent Injunction**.  The entry of the Confirmation Order shall, provided that the Effective Date occurs, permanently enjoin all entities that have held, currently hold, or may hold a Claim or other debt or liability that is subject to the Plan from taking any of the following actions: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Debtor or its property; (b) enforcing, levying, attaching, collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor or its property, other than to enforce any right pursuant to the Plan; (c) creating, perfecting or enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against the Debtor or its property; (d) asserting any setoff, offset, right of subrogation, or recoupment of any kind, directly or indirectly against any debt, liability, or obligation due to the Debtor or its; and (e) proceeding in any manner in any place whatsoever, including, employing any process, that does not confirm to or comply with or is inconsistent with the provisions of the Plan.

# ARTICLE VIII

## Miscellaneous Provisions

8.01   Request for Relief Under Bankruptcy Code Section 1129(b).  In the event any impaired claim shall fail to accept this Plan in accordance with Bankruptcy Code Section 1129(a), the Debtor reserves the right to, and does hereby request the Bankruptcy Court to confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

8.02   Revocation.  The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

8.03   Entire Agreement.  This Plan, as described herein, and in the Disclosure Statement and exhibits thereto, the Confirmation Order, and all other documents and instruments to effectuate this Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

8.04   Governing Law.  Unless a rule of law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of laws.

# ARTICLE IX

## Modification of the Plan

The Debtor or any party in interest may propose amendments to or modifications of this Plan under Bankruptcy Code Section 1127 at any time prior to confirmation upon notice to all parties affected thereby and providing such parties an opportunity to be heard on the proposed amendment.  After confirmation, the Debtor may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the final order in such a manner as may be necessary to carry out the purpose and intent of this Plan so long as the interests of claimants or Interest holders are not materially and adversely affected.

# ARTICLE X

## Revestment of Title

Except as provided in the Plan or in the confirmation order, on the Effective Date, the Reorganized Debtor shall be vested with all the property of its estate free and clear of all claims, liens, charges and other interests of creditors arising prior to the filing date, other than the liens created or preserved under the terms of this Plan.  Upon confirmation, the Reorganized Debtor shall own and/or operate the Debtor's business and all property of the estate free of any restrictions of the Bankruptcy Code, or the Court, but in accordance with the terms of this Plan.

# ARTICLE XI

## Retention of Jurisdiction

     11.01   The Bankruptcy Court shall retain full jurisdiction as provided in 28 U.S.C. §1334 jurisdiction over this Chapter 11 Case after confirmation, notwithstanding consummation or substantial consummation to enforce the provisions, purposes, and intent of this Plan including, without limitation, the authority to:

(a) Consider any modifications of the Plan under §1127 of the Code and/or any modification of the Plan after a substantial consummation as defined in §1101(2) of the Code;

(b) Hear and determine controversies, suits, injunctions and disputes between the Debtor and any creditors that may arise in connection with the interpretation or enforcement of the Plan;

(c) Hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the petition date through the confirmation date;

(d) Classify, allow or disallow Claims including the Secured Claim of Wells Fargo and direct distribution of the funds under the Plan, and to hear and determine all objections to Claims, controversies, suits and disputes that may be pending at Confirmation;

(e) Hear and determine all adversary proceedings still pending and not dismissed, or which are hereinafter filed to determine disputed matters not disposed of by the Plan, but which relate to the Plan;

(f) Adjudicate all Claims or controversies arising out of any purchases, sales, or contracts made or undertaken by the Debtor during the pendency of this case;

(g) Hear and determine any and all applications, adversary proceedings and other matters arising out of, or related to, the Plan, including but not limited to, actions under §§542, 543, 544, 547, 548, 549, 550 of the Code and §§152, 153, 154, 155, and 1961 of Title 18 of the United States Code;

(h) Make such orders as are necessary or appropriate to carry out the provisions of the Plan;

(i) Make such orders or give such direction as may be appropriate under §1142 of the Code;

(j)         Undertake such other matters, consistent with the Plan, as may be provided for in the Order confirming the Plan;

(k)         Issue any injunctions needed to effectuate the Plan;

(l)         Make any determination necessary or appropriate under §505 of the Bankruptcy Code or other determination relating to tax returns filed or to be filed by the Debtor for all periods through the end of the fiscal year in which the Effective Date occurs, including the determination of the amount of net operating losses or tax attributes of the Debtor;

(m)         Approve, pursuant to §365 of the Bankruptcy Code, the assumption, assignment, or rejection of any executory contract or unexpired lease of the Debtor; and

(n)         Enter a final decree closing this Chapter 11 case.

11.02   <u>Powers of the Debtor</u>. The Debtor shall retain the powers of a Debtor-in-Possession for the purpose of prosecuting claims and causes of actions under §§542, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code, available to the estate, with full authority to preserve, compromise and resolve all such claims and causes of action.

The Court shall retain jurisdiction to hear and resolve by final order all such claims and causes of action.

All such claims and causes of action of the Debtor shall inure to the benefit of the Debtor and any recoveries upon such causes of action shall be for the benefit of the bankruptcy estate.

DATED this 13th day of May, 2011.

                          Respectfully submitted,

                          SINGER & LEVICK, P.C.

                          By:    /s/Larry A. Levick
                                  Larry A. Levick
                                  State Bar No. 12252600
                                  Michelle E. Shriro
                                  State Bar No. 18310900

                          16200 Addison Road, Ste. 140
                          Addison, Texas 75001
                          Tel. (972) 380-5533
                          Fax (972) 380-5748

                          ATTORNEYS FOR VAN HUNTER DEVELOPMENT, LTD.